UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATEO SEBASTIAN MATIAS,

Petitioner,

v. Case No.: 2:26-cv-03009-SPC-KRH

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

# **OPINION AND ORDER**

Before the Court is Mateo Sebastian Matias's Petition for Writ of Habeas Corpus (Doc. 1).

Sebastian Matias is a native of Guatemala who entered the United States without inspection in September 2001. He resides in Florida with his wife and two minor U.S. citizen children—he also has two adult U.S. citizen children. Sebastian Matias has other documented ties to the community and no criminal history whatsoever. On June 30, 2026, local police arrested Sebastian Matias during a traffic stop and handed him over to Immigration and Customs Enforcement (ICE). The arresting officer told Sebastian Matias that ICE wanted to talk with him, and Sebastian Matias was never served with a warrant, charging document, immigration detainer, or other written notice of the reason for his arrest and detention.

On August 25, 2026, Immigration Judge Frank Pimentel denied Sebastian Mateos's request for release on bond with this order:

> Flight risk – highly speculative possibility of relief to remain in the United States. Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026). Sponsor lives in Oregon and Resp lives in Florida. Resp has no legal permission to work.

(Doc. 1-1 at 2). On October 9, 2026, Judge Pimentel ordered Sebastian Matias removed to Guatemala. Sebastian Matias appealed, so the removal order is not administratively final.

In his habeas petition, Sebastian Matias claims his detention is unlawful because he was afforded no pre-deprivation process, and the post-deprivation bond hearing did not include consideration of the evidence he presented. On November 10, 2026, the Court directed the Clerk to serve the habeas petition on the Attorney General and the local U.S. Attorney's Office and ordered the government to respond by November 17, 2026. The government did not file a response. Default judgment is not available in habeas corpus cases, so the Court must address Sebastian Matias's uncontested due process claims on their merits. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether

their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Sebastian Matias did not receive due process. First, the Court finds a clear Fifth Amendment violation because the government did not afford Sebastian Matias the process required by statutes and regulations governing immigration arrests. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

According to Sebastian Matias's unrefuted written testimony, he was never served with a warrant, and he was not in removal proceedings at the time of his arrest. What is more, Sebastian Matias's account of the arrest—which is corroborated by the eyewitness testimony of his adult daughter—demonstrates no need for urgency. There was no legal basis for Sebastian Matias's arrest.

The government also failed to afford Sebastian Matias post-deprivation due process in the custody redetermination hearing. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if

"the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

According to the unrefuted evidence, Judge Pimentel denied bond primarily based on a presumption that noncitizens must be detained if their chances for immigration relief are speculative. Judge Pimentel did not consider the favorable evidence Sebastian Matias presented, including his 25 years of residence in the United States, his significant family and community ties to the country, and his complete lack of a criminal history. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here.

Accordingly, it is hereby

**ORDERED**:

Mateo Sebastian Matias's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Sebastian Matias and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

(3) The Clerk is further **DIRECTED** to send this order to USAFLM.Alcatraz@usdoj.gov and oplaorlfedlit@ice.dhs.gov.

**DONE AND ORDERED** in Fort Myers, Florida on November 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record